NICKY JATANA (SBN 197682)
ANGELA QUILES NEVAREZ (SBN 253571)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
(213) 689-0404 - Office
(213) 689-0430 – Fax
JatanaN@jacksonlewis.com
Angela.Nevarez@jacksonlewis.com

Attorneys for Defendant
GEODIS WILSON USA, INC.



## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MARK BOULLET,

      Plaintiff,

      vs.

GEODIS WILSON USA, INC., a New York corporation; KEN SMITH, an individual; and DOES 1 through 250, inclusive,

      Defendants.

Case No.: _____

**DEFENDANT GEODIS WILSON USA, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) (DIVERSITY)**

[Filed concurrently with Notice of Interested Parties; Notice to Adverse Party; Declaration of Angela Quiles Nevarez; Declaration of Juan Egas; Notice of Filing of All Pleadings, Process and Orders from Los Angeles Superior Court; and Civil Case Cover Sheet]

Complaint filed: April 8, 2014

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

    PLEASE TAKE NOTICE that Defendant GEODIS WILSON USA, INC. ("Defendant Geodis" or "Defendant") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections 1332, 1441(a) and (b) and 1446, and removes the above-entitled

1  action to this Court from the Superior Court of the State of California in and for the

2  County of Los Angeles otherwise referred to as ("State Superior Court").

3         On April 8, 2014, Plaintiff Mark Boullet ("Plaintiff") filed his Complaint for

4  Damages against Geodis in the Superior Court of the State of California in and for the

5  County of Los Angeles captioned *MARK BOULLET, Plaintiff, vs. GEODIS WILSON*

6  *USA, INC.; KEN SMITH; and DOES 1 through 250, inclusive, Defendants*, Case No.

7  BC541966 which sets forth the following causes of action:  (i) wrongful termination in

8  violation of public policy; (ii) retaliation in violation of FEHA; (iii) intentional infliction

9  of emotional distress; (iv) discrimination on the basis of disability; (v) failure to

10  accommodate disability; (vi) failure to engage in the interactive process; (vii) defamation;

11  and (viii) violation of Labor Code section 201 et seq.   ("Complaint").

12         Defendant Geodis was deemed served with Plaintiff's Complaint and related

13  court documents on April 23, 2014.  A true and complete copy of Plaintiff's Complaint

14  and other related court documents received by Defendant is attached as **Exhibit "A."**

15         Defendant Ken Smith has not been served with the Complaint and related court

16  documents.

17         On May 22, 2014, Geodis filed and served its Answer in the Los Angeles

18  County Superior Court.  A true and correct copy of Defendant's Answer is attached as

19  **Exhibit "B."**

20                          <u>**TIMELINESS OF REMOVAL**</u>

21         This Notice of Removal has been filed within thirty (30) days after Defendant

22  Geodis was deemed served a copy of Plaintiff's Summons and Complaint upon which

23  this action is based.  The Summons and Complaint was personally served on April 23,

24  2014. This Notice of Removal is therefore filed by Defendant Geodis within the time

25  period provided by 28 U.S.C. § 1446(b).

26         In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that

27  a copy of this Notice of Removal and all supporting papers promptly will be served on

28

1  Plaintiffs' counsel and filed with the Clerk of the Los Angeles Superior Court.
2  Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

3                          **DIVERSITY JURISDICTION**
4                       **REMOVAL BASED ON DIVERSITY**
5                   **(28 U.S.C. sections 1332(a) and (d))**

6         Diversity jurisdiction exists where there is diversity of citizenship between the
7  parties at the time the lawsuit is filed.  *See Grupo Dataflux v. Atlas Global Group*, 541
8  U.S. 567, 571 (2004).

9         To establish citizenship for diversity purposes, a natural person must be a
10  citizen of the United States and domiciled in a particular state.  *Kantor v. Wellesley*
11  *Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places
12  where they reside with the intent to remain or to which they intend to return.  *Kanter v.*
13  *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14         Defendant Geodis is informed and believes that Plaintiff was and is a resident
15  and citizen of the State of California.  Indeed, Plaintiff stated in the Complaint that he is
16  and has been a resident of the County of Los Angeles, State of California.  See **Exhibit A**
17  ¶ 5; see also Declaration of Juan Egas ("Egas Decl."), ¶ 3.

18         A corporation is a citizen in a state where it is incorporated and it has its
19  principal place of business.  28 U.S.C. § 1332(c).  With respect to ascertaining a
20  corporation's principal place of business for purposes of diversity jurisdiction, the United
21  States Supreme Court has adopted the "nerve center test."  *The Hertz Corp. v. Friend*,
22  559 U.S. 77 (2010).  Under the nerve center test, a corporation's principal place of
23  business is where a corporation's high level officers direct, control and coordinate the
24  corporation's activities.

25         Defendant Geodis, both at the time this action was commenced and the time it
26  was removed to federal court, is a either citizen of the State of New York or New Jersey
27  within the meaning of Section 1332(c)(1), because it was at all times a corporation
28

1  formed under the laws of the State of York, with its principal place of business and

2  corporate headquarters located at 485c Route 1 South, Suite 410, Iselin, New Jersey,

3  08830.    The state of New Jersey is where all of Geodis' primary executive,

4  administrative, financial, and management functions are conducted and where the high

5  level officers direct, control, and coordinate the corporation's activities. *Hertz, supra,*

6  130 S.Ct. 1181. Egas Decl., ¶¶ 5-8.

7        Defendant Geodis' Board of Directors typically meets at its headquarters in

8  Iselin, New Jersey. *Hertz, supra,* 130 S.Ct. 1181; Egas Decl., ¶¶ 7-9.

9        Applying the "nerve center" test, New Jersey is clearly the state where

10  Defendant Geodis' primary executive, administrative, financial and management

11  functions are conducted and where the high level officers direct, control, and coordinate

12  the corporation's activities (i.e., the principle place of business of Defendant).

13        The presence of defendant Ken Smith has no bearing on the diversity with

14  respect to removal since Ken Smith has not yet been served and since Ken Smith is a

15  resident of North Carolina. *Pooshs v. Altria Group, Inc.*, 2004 U.S. Dist. LEXIS 32036,

16  6-7; Egas Decl., ¶¶ 9-10.

17        The presence of Doe defendants has no bearing on the diversity with respect to

18  removal.    28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the

19  citizenship of defendants used under a fictitious name shall be disregarded.")

20                          **AMOUNT IN CONTROVERSY**

21        This action also meets the amount in controversy requirement.    28 U.S.C.

22  section 1332(a) authorizes the removal of cases in which, among other factors, the matter

23  in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

24  Without admitting that Plaintiff could recover any damages, Defendant Geodis asserts

25  that the amount in controversy in this action could exceed $75,000.00, exclusive of

26  interest and costs.

27  / / /

28

1    In determining whether the amount in controversy exceeds $75,000.00, the
2    court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth*
3    *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.
4    2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount
5    in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley,*
6    *Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by
7    the low end of an open-ended claim, but rather by reasonable reading of the value of the
8    rights being litigated")).  Moreover, the argument and facts set forth herein appropriately
9    may be considered in determining whether the jurisdictional amount in controversy is
10   satisfied.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (citing
11   *Willingham v. Morgan*, 395 U.S. 402, 207, n. 3 (1969)).

12   Without conceding that Plaintiff is entitled to damages or could recover
13   damages in any amount whatsoever, the amount in controversy in this action exceeds
14   $75,000.00.  28 U.S.C. § 1332(a).  Where a plaintiff's state court complaint is silent as to
15   the amount of damages claimed, the removing defendant need only establish that it is
16   more probable than not that the plaintiff's claims exceed the jurisdictional minimum.
17   *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).  The amount
18   in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, for the
19   following reasons:

20       a.  The Complaint alleges Plaintiff was employed by Defendant as a
21           branch manager.  The Complaint further alleges that Plaintiff has been
22           discriminated against on the basis of his disability.  See Complaint at
23           ¶¶ 13-16 and 48-51, **Exhibit "A."**
24       b.  The Complaint alleges that Plaintiff was wrongfully terminated by
25           Defendant because of his protected activity and/or classification.  See
26           Complaint at ¶ 20, **Exhibit "A."**

27

28

---

CASE NO.:                                        5        DEFENDANT GEODIS WILSON USA, INC.'S
                                                                    NOTICE OF REMOVAL

c.  The Complaint alleges that Plaintiff was retaliated against because the actual reason for terminating Plaintiff was that Plaintiff informed Defendant of his disability and requests for accommodation. See Complaint at ¶ 35, **Exhibit "A."**

d.  The Complaint alleges that Plaintiff suffered severe emotional distress as a result of Defendant's discrimination, retaliation and defamation. See Complaint at ¶¶ 40-41, **Exhibit "A."**

e.  The Complaint alleges that Plaintiff's requests for accommodation were the reason for his termination. See Complaint at ¶ 56, **Exhibit "A."**

f.  The Complaint alleges that Defendant failed to engage in a good faith, timely interactive process. See Complaint at ¶¶ 66-67, **Exhibit "A."**

g.  The Complaint alleges that Plaintiff suffered loss of his reputation, shame, mortification, and hurt feelings as a result of defamatory statements. See Complaint at ¶¶ 71-75, **Exhibit "A."**

h.  The Complaint alleges that Plaintiff did not receive his final vacation pay and sick pay at the time of his termination. See Complaint at ¶ 79, **Exhibit "A."**

i.  The Complaint alleges that as a direct and proximate result of the violations of his rights under the Fair Employment and Housing Act by Defendant, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof. See Complaint at ¶¶ 30, 37, 50, 60, 67, and prayer, **Exhibit "A."**

---

**j.** The Complaint alleges that the imposition of punitive damages is justified.  See Complaint at ¶¶ 31, 38, 42, 51, 61, 68, 77, and prayer, **Exhibit "A."**

**k.** The Complaint alleges that Plaintiff is entitled to recover waiting time penalties pursuant to Labor Code section 203.  See Complaint at ¶ 81 and prayer, **Exhibit "A."**

**l.** The Complaint also seeks to recover reasonable attorney's fees, costs of suit, and interest on the unpaid amounts pursuant to Labor Code sections 218.5 and 1194.  See Complaint at ¶ 82, and prayer, **Exhibit "A."**

The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); and *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount).  The Court may examine the nature of the action and of the relief sought and take judicial notice of attorney's fees awards in similar cases.  See e.g., *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages).  Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy.  See *Galt G/S, supra*, 142 F.3d at 1155-56.  Furthermore, such fees are calculable beyond the time of removal. *Simmons, supra*, 209 F.Supp.2d at 1035.

Punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).  See also, *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994).  In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental

1    anguish and punitive damages.    The court noted the defendant was a Fortune 500

2    company and that "[b]ecause the purpose of punitive damages is to capture a defendant's

3    attention and deter others from similar conduct" the plaintiff's claim for punitive

4    damages "might alone" exceed the jurisdictional minimum.    See also *White v. FCI USA,*

5    *Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (it was facially apparent plaintiff's wrongful

6    termination claim exceeded $75,000 based on her "lengthy list of compensatory and

7    punitive damages" including loss of pay, fringe benefits, impaired earning capacity and

8    emotional distress combined with a claim for attorney fees.).

9        In recent California wrongful termination cases, non-economic awards alone often

10    meet or exceed the jurisdictional threshold. See, e.g., *Sanders v. Central Freight Lines,*

11    *Inc.*, 2011 Nat. Jury Verdict Review LEXIS 338 (jury awarded $75,000 in non-economic

12    damages where plaintiff was wrongfully terminated for refusing to use unsafe equipment

13    at work); *Gikonyo v. Alticor, Inc.*, 2008 Nat. Jury Verdict Review LEXIS 1422 (jury

14    awarded $60,000 in punitive damages where plaintiff was wrongfully terminated for his

15    failure to participate in the employer's unlawful activity); *Marietta Harvey v. Sybase*, Inc,

16    2004 Nat. Jury Verdict Review LEXIS 2946 (jury awarded $500,000 in non-economic

17    damages where plaintiff was wrongfully terminated for complaints to upper management

18    over a demotion and pay cut).

19        Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for the

20    amount in controversy.    It cannot be said to a legal certainty that Plaintiff would not be

21    entitled to recover the jurisdictional amount.    *Anthony v. Security Pacific Financial*

22    *Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383,

23    386-87 (10th Cir. 1994).

24        Therefore, the alleged claims, damages and fees requested in Plaintiff's

25    Complaint demonstrate the amount in controversy in this case exceeds the requirements

26    under 28 U.S.C. section 1332(a).

27    / / /

28

---

CASE NO.:                                        8        DEFENDANT GEODIS WILSON USA, INC.'S
                                                          NOTICE OF REMOVAL

1

## VENUE IS PROPER

2    Venue of this action lies in the United States District Court for the Central District

3    of California pursuant to 28 U.S.C. sections 1441, *et seq.* and 1391(a) because this is the

4    judicial district of this Court in which Plaintiff alleges the action arose and where, based

5    on information and belief, Plaintiff resides.

6    WHEREFORE, Defendant Geodis removes the above-entitled action now pending

7    in the Superior Court of the State of California for the County of Los Angeles to this

8    Court.

9

10    DATED: May 23, 2014          JACKSON LEWIS P.C.

11

12

13    By:    _____

14    Nicky Jatana
       Angela Quiles Nevarez

15    Attorneys for Defendant
       GEODIS WILSON USA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1 | **LAW OFFICES OF CARLIN & BUCHSBAUM, LLP**
GARY R. CARLIN, CSBN: 44945
2 | *gary@carlinbuchsbaum.com*
BRENT S. BUCHSBAUM, CSBN: 194816
3 | *brent@carlinbuchsbaum.com*
LAUREL N. HAAG, CSBN: 211279
4 | *laurel@carlinbuchsbaum.com*
ANA L. DE LA TORRE, CSBN: 236705
5 | *ana@carlinbuchsbaum.com*
555 East Ocean Blvd., Suite 818
6 | Long Beach, California 90802
Telephone: (562)432-8933; Facsimile: (562)435-1656

7 | Attorneys for MARK BOULLET, Plaintiff

**FILED**
Superior Court of California
County of Los Angeles

APR 0 8 2014

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Shaunya Bolden

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF LOS ANGELES

11 | MARK BOULLET,

12 |                Plaintiff;

13 |         vs.

14 | GEODIS WILSON USA, INC., a New York corporation; KEN SMITH, an individual; and DOES 1 through 250, inclusive,

16 |             Defendants

CASE NO. BC 5 4 1 9 6 6

**COMPLAINT FOR DAMAGES**

**(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
**(2) RETALIATION IN VIOLATION OF FEHA;**
**(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
**(4) DISCRIMINATION ON THE BASIS OF DISABILITY;**
**(5) FAILURE TO ACCOMMODATE DISABILITY; AND**
**(6) FAILURE TO ENGAGE IN INTERACTIVE PROCESS;**
**(7) DEFAMATION; AND**
**(8) VIOLATION OF LABOR CODE SECTION 201 ET SEQ.**

**[DEMAND FOR JURY TRIAL]**

COMES NOW the Plaintiff, MARK BOULLET, (who hereinafter shall be referred to as the "Plaintiff" or as "BOULLET"), who hereby respectfully alleges, avers, and complains, as follows:

// 
//

COMPLAINT                      -1-

RECEIPT #: CCH465980060
DATE PAID: 04/08/14
PAYMENT: $435.00
RECEIVED: 01:17 PM
CHECK:
CASE:
CHARGE:
CARD:                310

$435.00
$0.00
$0.00
$0.00

CIT/CASE:
LEA/DEF#:
BC541966

10

## INTRODUCTION

1.   This is an action brought by the Plaintiff, MARK BOULLET, pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendants GEODIS WILSON USA, INC. (hereinafter referred to as "GEODIS WILSON"), at all times herein mentioned.

2.   Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3.   Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Los Angeles County Superior Court Rules, including those related to wrongful termination.

4.   Venue in this Court is proper in that GEODIS WILSON has a principal business address located in the City of Carson, County of Los Angeles, State of California.

## PARTIES

5.   At all times herein mentioned, Plaintiff BOULLET is and has been a resident of Los Angeles County, State of California.

6.   Defendant GEODIS WILSON is and at all times herein mentioned has been a New York corporation with the capacity to sue and to be sued, and doing business, with a principal

1      place of business located at 23601 S. Washington Avenue, Carson, California 90745.

2

3    7.    Defendant KEN SMITH is and at all times herein mentioned has been Plaintiff's

4      supervisor at GEODIS WILSON, and is, upon information and belief a resident of the

5      County of Los Angeles, State of California.

6

7    8.    Plaintiff is informed and believes and thereon alleges that each of the Defendants herein

8      were at all times the agent, employee, or representative of each remaining Defendant and

9      were at all times herein acting within and outside the scope and purpose of said agency

10      and employment.  Plaintiff further alleges that as to each Defendant, whether named, or

11      referred to as a fictitious name, said Defendants supervised, ratified, controlled,

12      acquiesced in, adopted, directed, substantially participated in, and/or approved the acts,

13      errors, or omissions, of each remaining Defendant.

14

15    9.    The true names and capacities of the Defendants named herein as DOES 1 through 250,

16      inclusive, whether individual, corporate, partnership, association, or otherwise, are

17      unknown to Plaintiff who therefore sues these Defendants by such fictitious names.

18      Plaintiff will request leave of court to amend this Complaint to allege their true names

19      and capacities at such time as they are ascertained.

20

21                    **FACTUAL ALLEGATIONS**

22

23    10.    Plaintiff, a disabled male, became employed by Defendant GEODIS WILSON, in or

24      about July 2007 as a Branch Manager.  Plaintiff was terminated by Defendants, and each

25      of them, on or about April 8, 2013.

26

27    11.    During his employment, Plaintiff had a "permissible" relationship with subordinate, EVA

28      CAMACHO.  The relationship took place from October 2010 through July 2011.

12

1    Plaintiff reported the relationship to his them boss, as required by the company handbook.

2    Plaintiff also disclosed it to HR on or about March 18, 2013.

3

4    12.    At some point following the end of their relationship, CAMACHO engaged in behavior

5           with a female supervisor that warranted counseling and/or discipline. Plaintiff

6           recommended a warning and/or discipline for CAMACHO. However, Plaintiff was

7           thereafter criticized for his approach in handling CAMACHO and that his relationship

8           had compromised his ability to control the situation and/or his management of the branch.

9

10   13.   Plaintiff began to suffer from workplace stress and anxiety due to the unwarranted

11          criticism of his supervision, as well as earlier in his employment. Plaintiff had informed

12          Defendants of his stress, to no avail.

13

14   14.   Plaintiff was suspended for three weeks on March 18, 2013. Following his suspension,

15          Plaintiff was terminated on April 8, 2013. Plaintiff is informed and believes that his

16          disability and his requests for accommodation were the basis for his termination.

17

18   15.   Plaintiff is informed and believes that his disability and his requests for accommodation,

19          were the reasons for his termination.

20

21   16.   Following his termination, Plaintiff was not paid his vacation and sick pay.

22

23   17.   Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any

24          administrative remedy imposed on him by having filed the substance of claims alleged

25          herein with the California Department of Fair Employment and Housing (hereinafter

26          "DFEH"), and has received Right to Sue Letters from the DFEH. Plaintiff has therefore

27          substantially complied with all requirements for the filing of this Complaint and has

28          exhausted his administrative remedies prior to filing, commencing, and serving the within

COMPLAINT                                                    -4-

1  action.

## FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (BOULLET Against Defendants GEODIS WILSON and DOES 1 through 250, inclusive)

18.  The allegations of paragraphs 1 through 17 are re-alleged and incorporated herein by reference as though set forth at length.

19.  At all times herein mentioned in this complaint, California Government Code Section 12940 et seq. was in full force and effect and was binding on the Defendants and the Defendants were subject to their terms, and therefore Defendant was required to refrain from violations of public policy, including discriminatory and/or retaliatory actions against Plaintiff on account of his disability and his requests for accommodation, as alleged in more detail above.

20.  Plaintiff performed competently and capably during his employment with GEODIS WILSON.  Nevertheless, Plaintiff was wrongfully terminated by Defendants, and each of them, because of his protected activity and/or classification.

21.  Plaintiff, a disabled male, became employed by Defendant GEODIS WILSON, in or about July 2007 as a Branch Manager.  Plaintiff was terminated by Defendants, and each of them, on or about April 8, 2013.

22.  During his employment, Plaintiff had a "permissible" relationship with subordinate, EVA CAMACHO.  The relationship took place from October 2010 through July 2011. Plaintiff reported the relationship to his them boss, as required by the company handbook. Plaintiff also disclosed it to HR on or about March 18, 2013.

//

23. At some point following the end of their relationship, CAMACHO engaged in behavior with a female supervisor that warranted counseling and/or discipline. Plaintiff recommended a warning and/or discipline for CAMACHO. However, Plaintiff was thereafter criticized for his approach in handling CAMACHO and that his relationship had compromised his ability to control the situation and/or his management of the branch.

24. Plaintiff began to suffer from workplace stress and anxiety due to the unwarranted criticism of his supervision, as well as earlier in his employment. Plaintiff had informed Defendants of his stress, to no avail.

25. Plaintiff was suspended for three weeks on March 18, 2013. Following his suspension, Plaintiff was terminated on April 8, 2013. Plaintiff is informed and believes that his disability and his requests for accommodation were the basis for his termination.

26. Plaintiff is informed and believes that his disability and his requests for accommodation were the reasons for his termination.

27. Following his termination, Plaintiff was not paid his vacation and sick pay.

28. Plaintiff is informed and believes that his disability and his requests for accommodation, were the reasons for his termination.

29. Defendants' above described conduct is in violation of various statutes and the decisional law of this state and country, including but not limited to California Government Code Section 12940 et seq.

30. As a direct and legal result of Defendants' discrimination and retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer general, consequential and special

1   damages including but not limited to substantial losses in earnings, other employment

2   benefits, *physical injuries*, *physical sickness*, as well as emotional distress, plus medical

3   expenses, future medical expenses, and attorneys' fees, all to his damage in an amount

4   according to proof.

5

6   31.   Said termination was wrongful and justifies the imposition of punitive damages since the

7         termination was against public policy.  Defendants intentionally discriminated against

8         Plaintiff on account of his protected activity and classification, and in doing so,

9         Defendants acted maliciously, fraudulently and oppressively, with the wrongful intention

10        of injuring Plaintiff.  Based upon the foregoing, Plaintiff is entitled to recover punitive

11        damages from Defendants and each of them, in an amount according to proof.

12

13                          **SECOND CAUSE OF ACTION**

14                       **(Retaliation in Violation of FEHA)**

15   **(BOULLET Against Defendants GEODIS WILSON and DOES 1 through 250, inclusive)**

16

17   32.   The allegations of paragraphs 1 through 31 are re-alleged and incorporated herein by

18         reference as though fully set forth herein.

19

20   33.   At all times herein mentioned in this complaint, California Government Code Section

21         12940 et seq., was in full force and effect and binding on the Defendants and the

22         Defendants were subject to its terms.  Defendants wrongfully terminated Plaintiff for

23         reasons and in a manner contrary to public policy, on a pre-textual basis, because of his

24         disability and his requests for accommodation, as herein above alleged.

25

26   34.   Immediately following his request for accommodation for his disability, Plaintiff was

27         terminated on a pretextual basis that was fabricated by Defendants.

28   //

16

35.    Said retaliation was in violation of public policy because the actual reason for terminating Plaintiff was that Plaintiff informed Defendants of his disability and his requests for accommodation.

36.    Defendants' conduct above described is in violation of various statutes and state law decisions, including California Government Code Section 12940 et seq.

37.    As a direct and legal result of Defendants' retaliatory actions against Plaintiff for his protected activity herein referenced, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, *physical injuries*, *physical sickness*, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

38.    Said retaliation was wrongful and justifies the imposition of punitive damages since it was against public policy. Defendants intentionally retaliated against Plaintiff on account of his complaints of public policy violations, including discrimination on the basis of disability, and in doing so, Defendants acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants and each of them, in an amount according to proof.

//
//
//
//
//
//
//
//

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

**(BOULLET Against Defendants GEODIS WILSON, SMITH and DOES 1 through 250)**

39.  The allegations of paragraphs 1 through 38 are re-alleged and incorporated herein by reference as though fully set forth herein.

40.  Defendants' conduct of, including but not limited to, subjecting Plaintiff to discrimination on the basis of disability and also retaliation against Plaintiff for requesting accommodations for his disability, which resulted in his termination, and defaming him during his employment, none of which are a normal part of an employment relationship, constitutes extreme and outrageous conduct, as described in more detail *above*.

41.  As a proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, medical expenses, future medical expenses, attorneys' fees, and other damages to be determined at trial according to proof.

42.  Said conduct was wrongful and justifies the imposition of punitive damages. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intentions of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

//
//
//
//

## FOURTH CAUSE OF ACTION

### (Disability Discrimination)

**(BOULLET Against Defendants GEODIS WILSON and DOES 1 through 250, inclusive)**

43.   The allegations of paragraphs 1 through 42 are re-alleged and incorporated herein by reference as though fully set forth herein.

44.   Defendant GEODIS WILSON is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the Fair Employment and Housing Act. At all times herein mentioned in this complaint, Government Code §12940, Government Code §12926.1 were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms.

45.   Plaintiff is, and at all times herein mentioned was, an "employee" who suffers from a "disability" as defined by Government Code §§12926, et seq. and §12940 et seq. and California Code of Regulations, Title 2, which limits one or more major life activities.

46.   Plaintiff timely filed a complaint of discrimination with the Department of Fair Employment and Housing alleging *inter alia* violations of Government Code §12940, including, but not limited to §12940(a), (m), and (n), and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring jurisdiction on this court over these claims.

47.   At all times herein mentioned, Plaintiff was fully qualified and competent to perform the duties of his position or an alternate position, with a reasonable accommodation. At all relevant times herein mentioned: Plaintiff suffered from mental disabilities, including stress, anxiety and depression.

48.     Plaintiff informed Defendants of his disability and his need for a work environment free
of harassment.  Nevertheless, following his complaints and his reporting his disability,
Plaintiff was terminated under pretextual reasons.

49.     Plaintiff is informed and believes and thereon alleges that with reasonable
accommodations, he could have fully performed all duties and functions of his job or an
alternate job in an adequate, satisfactory and/or outstanding manner.

50.     As a direct and legal result of Defendants' discrimination and retaliatory actions against
Plaintiff for his complaints and/or protected activity herein referenced, Plaintiff has
suffered and continues to suffer general, consequential, and special damages, including
but not limited to substantial losses in earnings, other employment benefits, *physical
injuries*, *physical sickness*, as well as emotional distress, plus medical expenses, future
medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

51.     Said discrimination and/or refusal to accommodate/engage in interactive process was
wrongful and justifies the imposition of punitive damages since the termination was
against public policy.  Defendants intentionally discriminated against Plaintiff on account
of his disabilities and/or his requests for accommodation for his disability, acted
maliciously, fraudulently and oppressively, with the wrongful intention of injuring
Plaintiff.  Defendants acted with an evil purpose, in an intentional and deliberate manner,
in violation of Plaintiff's civil rights, and/or with a conscious disregard of Plaintiff's
rights.  Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an
amount according to proof from Defendants and each of them.

//
//
//
//

## FIFTH CAUSE OF ACTION

### (Failure to Accommodate)

**(BOULLET Against Defendants GEODIS WILSON and DOES 1 through 250, inclusive)**

52.   The allegations of paragraphs 1 through 51 are re-alleged and incorporated herein by reference as though fully set forth herein.

53.   Plaintiff has, and had at all relevant time herein, mental disabilities, including stress, anxiety and depression.

54.   Defendant GEODIS WILSON was aware of Plaintiff's disability, set forth in detail above, because Plaintiff informed Defendants, and each of them, of his disability and his need for accommodations.

55.   Thereafter, Plaintiff was unjustly criticized for his management and was thereafter suspended and then terminated on April 8, 2013.

56.   Plaintiff is informed and believes that his disability and his requests for accommodation were the reasons for his termination.

57.   Defendant GEODIS WILSON has an affirmative duty under FEHA to reasonably accommodate disabled workers.  Such duty arises regardless of whether the employee requested any accommodation.  FEHA entitles disabled employees to preferential consideration in reassignment of existing employees.  (Jensen v. Wells Fargo Bank (2000) 85 Cal.App.4th 245).

58.   Defendant GEODIS WILSON failed reasonably to accommodate Plaintiff's needs based on his disabilities.  Such adverse employment actions were done because of Plaintiff's

1      disabilities and/or his requests for accommodations for his disabilities.

2

3   59.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and

4      functions of his position or an alternate position if such reasonable accommodation had

5      been made by Defendants, and each of them.   At no time would the performance of the

6      functions of the employment position, with a reasonable accommodation for plaintiff's

7      disabilities, have been a danger to plaintiff's or any other person's health or safety, nor

8      would it have created an undue hardship to the operation of defendant's business.

9

10   60.    As a direct and legal result of Defendants' failure to accommodate Plaintiff's disabilities,

11      Plaintiff has suffered and continues to suffer general, consequential, and special damages,

12      including but not limited to substantial losses in earnings, other employment benefits,

13      *physical injuries, physical sickness*, as well as emotional distress, plus medical expenses,

14      future medical expenses, and attorneys' fees, all to his damage in an amount according to

15      proof.

16

17   61.    Said conduct was wrongful and justifies the imposition of punitive damages.  Defendants

18      committed the acts alleged herein maliciously, fraudulently and oppressively, with the

19      wrongful intentions of injuring Plaintiff, from an improper and evil motive amounting to

20      malice, and in conscious disregard of Plaintiff's rights.  Based upon the foregoing,

21      Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an

22      amount according to proof.

23   //

24   //

25   //

26   //

27   //

28

## SIXTH CAUSE OF ACTION

### (Failure to Engage In Interactive Process)

**(BOULLET Against Defendants GEODIS WILSON and DOES 1 through 250, inclusive)**

62.    The allegations of paragraphs 1 through 61 are re-alleged and incorporated herein by reference as though fully set forth herein.

63.    Plaintiff informed Defendants of his requested a reasonable accommodations for his disabilities.

64.    Instead of accommodating Plaintiff, Defendants terminated his employment under pretextual reasons.

65.    Defendant did not engage in a timely, good faith interactive process with Plaintiff to find an accommodation for Plaintiff's disabilities.

66.    Plaintiff did not cause the breakdown of the interactive process with GEODIS WILSON Rather, GEODIS WILSON caused the breakdown in the interactive process with Plaintiff when it refused to provide Plaintiff accommodations for his disabilities and terminated him because of his disability and request for accommodations.

67.    As a direct and legal result of Defendants' failure to engage in a good faith, timely interactive process, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, *physical injuries, physical sickness*, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

23

68.  Said conduct was wrongful and justifies the imposition of punitive damages.  Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intentions of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### Defamation

### (BOULLET Against Defendants GEODIS WILSON, SMITH,
### and DOES 1 through 250, inclusive)

69.  The allegations of paragraphs 1 through 68 are re-alleged and incorporated herein by reference as though set forth at length.

70.  At all times herein mentioned, plaintiff has enjoyed a good reputation both generally and in his occupation.

71.  In or about March 2013, SMITH published statement that Plaintiff was dishonest, with regard to his relationship with CAMACHO.

72.  Defendant's statements about Plaintiff are false.  Defendant SMITH knew that these statements about Plaintiff were false when he made them.

73.  These comments are slanderous on their face. They clearly exposes plaintiff to hatred, contempt, ridicule, and obloquy because they state that Plaintiff is not an honest and reputable employee.

24

74.    These statements were seen, read, and heard by various employees of GEODIS WILSON.

75.    As a proximate result of the above-described publication, Plaintiff has suffered loss of his reputation, shame, mortification, and hurt feelings all to his general damage.

76.    As a further proximate result of the above-described publication, Plaintiff has suffered special damages such as injury to plaintiff's business, trade, profession, and occupation, all to his injury.

77.    The above-described publication was published by Defendants with malice and/or oppression and/or fraud in that Defendants knew the statements were false and were made only because Plaintiff complained about FEHA violations, and thus Plaintiff seeks an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code Sections 201 et seq.)

### (Plaintiff Against Defendants GEODIS WILSON and DOES 1 through 250)

78.    The allegations of paragraphs 1 through 77 are re-alleged and incorporated herein by reference as though fully set forth herein.

79.    Plaintiff was terminated on or about April 8, 2013, and he did not receive his final vacation pay and sick pay at that time.

80.    Defendants are in violation of Labor Code section 201 et seq. for failing to pay Plaintiff wages for vacation pay at the time of his termination on April 8, 2013. Plaintiff has still not received his earned wages, in the form of unpaid vacation and sick pay.

81.    Further, Plaintiff is entitled to waiting time penalties pursuant to Labor Code section 203 for failing to pay all wages due at the time of termination.

82.    In addition, Plaintiff is entitled by statute to recover reasonable attorneys' fees, costs of suit, and interest on the unpaid amounts pursuant to Labor Code sections 218.5 and 1194.

**PRAYER**

1.    For damages according to proof, including loss of earnings, deferred compensation, overtime and other employment benefits;

2.    For general damages, according to proof;

3.    For other special damages according to proof, including but not limited to reasonable medical expenses;

4.    For punitive damages according to proof;

5.    For prejudgment interest on lost wages and benefits;

6.    For waiting time penalties pursuant to Labor Code section 203 et seq.;

7.    For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiffs and for violations of Plaintiff's civil rights, as set forth above; and

8.    For such other and further relief as the court deems just and proper.

Dated: April 7, 2014                    THE LAW OFFICES OF CARLIN & BUCHSBAUM
                                        A Limited Liability Partnership

                                        By _____
                                        Ana L. De La Torre, Attorneys for Plaintiff,
                                        MARK BOULLET

//
//

26

1    **<u>DEMAND FOR JURY TRIAL</u>**

2

3    Plaintiff hereby respectfully demands a jury trial.

4    Dated: April 7, 2014          THE LAW OFFICES OF CARLIN & BUCHSBAUM
                                    A Limited Liability Partnership
5

6

7    By
                                    Ana L. De La Torre, Attorneys for Plaintiff,
8                                   MARK BOULLET

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

CM-010

**ORIGINAL**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Ana L. De La Torre, CSBN: 236705
Law Offices of Carlin & Buchsbaum, LLP
555 East Ocean Blvd., Suite 818
Long Beach, California 90802

TELEPHONE NO.: (562)432-8933   FAX NO.: (562)435-1656
ATTORNEY FOR *(Name):* Mark Boullet, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME: BOULLET v. GEODIS WILSON USA, INC., et al.

*FOR COURT USE ONLY*

**FILED**
Superior Court of California
County of Los Angeles

APR 08 2014

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Shaunya Bolden

CASE NUMBER: BC541966

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 7, 2014

Ana L. De La Torre, CSBN: 236705
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

28

| SHORT TITLE: BOULLET v. GEODIS WILSON USA, INC., et al. | CASE NUMBER | BC 5 4 1 9 6 6 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5-7 [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage<br>[ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons<br>[ ] A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250 Premises Liability (e.g., slip and fall)<br>[ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270 Intentional Infliction of Emotional Distress<br>[ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

| SHORT TITLE: | BOULLET v. GEODIS WILSON USA, INC., et al. | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

*30*

| SHORT TITLE: BOULLET v. GEODIS WILSON USA, INC., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

31

SHORT TITLE: BOULLET v. GEODIS WILSON USA, INC., et al. | CASE NUMBER |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:  23601 South Washington Avenue |

| CITY:<br>Carson | STATE:<br>CA | ZIP CODE:<br>90745 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u>         courthouse in the <u>Central</u>         District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>April 7, 2014</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Ana L. De La Torre, CSBN: 236705

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

32

# EXHIBIT B

NICKY JATANA (SBN 197682)
ANGELA QUILES NEVAREZ (SBN 253571)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
(213) 689-0404 - Office
(213) 689-0430 – Fax
JatanaN@jacksonlewis.com
Angela.Nevarez@jacksonlewis.com

Attorneys for Defendant
GEODIS WILSON USA, INC.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

MAY 22 2014

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARK BOULLET,<br><br>        Plaintiff,<br><br>    vs.<br><br>GEODIS WILSON USA, INC., a New York corporation; KEN SMITH, an individual; and DOES 1 through 250, inclusive,<br><br>        Defendants. | Case No.: BC541966<br><br>[Assigned for all purposes to the Honorable Richard Rico, Dept. 17]<br><br>**DEFENDANT GEODIS WILSON USA, INC.'S ANSWER TO PLAINTIFF MARK BOULLET'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: April 8, 2014 |

Defendant GEODIS WILSON USA, INC. ("Defendant") on behalf of itself and for no other defendant, hereby responds to the Complaint for Damages ("Complaint") filed by Plaintiff MARK BOULLET ("Plaintiff") and admits, denies and otherwise pleads as follows:

### GENERAL DENIAL

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint and deny that Plaintiff has suffered any injury or been damaged in any sum whatsoever.



1

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, Defendant alleges, without conceding it bears the burden of proof or persuasion as to each of them, as follows:

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's Complaint as a whole, and each purported cause of action against Defendant alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     The Complaint is barred in whole or in part by the applicable statute of limitations including but not limited to, California Code of Civil Procedure §§ 335.1, 338, 340, 343, California Government Code §§ 12940, 12945.2, 12960, and 12965.

## THIRD AFFIRMATIVE DEFENSE

3.     Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendant.  The laches and unreasonable delay were without good cause and have substantially prejudiced Defendant.

## FOURTH AFFIRMATIVE DEFENSE

4.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by the doctrines of estoppel, consent, waiver and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5.     To the extent discovery may disclose a factual basis for this defense, any recovery on Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff previously has pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement or the United States Department of Labor.

/ / /

/ / /

2

DEFENDANT GEODIS WILSON USA, INC.'S ANSWER TO PLAINTIFF MARK BOULLET'S COMPLAINT FOR DAMAGES

**SIXTH AFFIRMATIVE DEFENSE**

6.      Any recovery on Plaintiff's Complaint or any purported cause of action therein, is barred in that this Court lacks jurisdiction over such claims because Plaintiff failed to perfect a right of action and/or to exhaust administrative remedies prior to commencing this civil action as required by applicable law including, without limitation, the California Fair Employment and Housing Act, Government Code Sections 12900, *et seq.*

**SEVENTH AFFIRMATIVE DEFENSE**

7.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because all actions taken by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Plaintiff's claim for wrongful termination in violation of public policy is barred because Plaintiff did not engage in any protected activity or there is no nexus between any purportedly protected activity and the Defendant's decision to terminate Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

9.      Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred in whole or in part by Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

**TENTH AFFIRMATIVE DEFENSE**

10.      Plaintiff's Complaint and each purported cause of action alleged therein are barred in that Defendant's actions were a just and proper exercise of management discretion which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      Plaintiff's Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff was not disabled within the meaning of applicable statutes.

/ / /

/ / /

3

**TWELFTH AFFIRMATIVE DEFENSE**

12.    Plaintiff's claims for relief are barred because Defendant did not receive notice from Plaintiff that any employee or managing agent of Defendant had allegedly engaged in any discriminatory or retaliatory actions against Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.    Plaintiff's claim for retaliation is barred as Plaintiff cannot establish any adverse employment action against Plaintiff by Defendant or there is no nexus between Defendant's employment decisions and any alleged retaliatory motive.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.    Plaintiff's claim for retaliation is barred insofar as the basis for adverse employment actions against Plaintiff existed prior to Plaintiff engaging in any allegedly protected activity.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.    Relative to Plaintiff's purported cause of action for emotional or physical injury, this Court lacks jurisdiction and any recovery is barred by the exclusivity of remedy therefore under the California Workers' Compensation Act, Labor Code Sections 3200, *et seq.*

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.    Plaintiff's Complaint, and each purported cause of action therein, is barred because Plaintiff failed to take reasonable steps to notify Defendant of his need for an accommodation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.    Plaintiff's Complaint, and each purported cause of action alleged therein against Defendant, is barred because the accommodations Plaintiff sought for his alleged disability, if any, were not reasonable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.    Plaintiff's Complaint, and each purported cause of action therein, is barred because Plaintiff, as a result of his alleged disability or medical condition, was not qualified or was otherwise unable to perform the essential duties of the position for which he was discharged, even with reasonable accommodation.

///

4

**NINETEENTH AFFIRMATIVE DEFENSE**

19.    Plaintiff's Complaint, and each purported cause of action therein, is barred because Plaintiff refused to cooperate with Defendant in the interactive process.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.    Any recovery on Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, with respect to the allegations of Defendant's failure to pay final wages, is barred because Defendant complied with all applicable provisions of the California Labor Code, the Wage Orders of the California Industrial Welfare Commission and applicable federal law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Defendant at all relevant times paid Plaintiff all wages due and owing him in a timely manner as prescribed by law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust administrative remedies under California Labor Code sections 98-98.2.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.    Defendant alleges that, to the extent that Plaintiff seeks to recover waiting time and other statutory penalties, Plaintiff has failed to state a claim for such penalties because even assuming, arguendo, Plaintiff is entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and Plaintiff never made a demand for such additional compensation.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.    Plaintiff is not entitled to recover damages or penalties under the California Labor Code because Defendant's alleged failure to comply with the California Labor Code did not result in an injury to Plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.    Plaintiff's claim for defamation is barred because any alleged statements made by Defendant were true.

5

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.     Plaintiff's claim for defamation is barred because any alleged statements made by Defendant were non-actionable opinions.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.     Plaintiff did not suffer an adverse employment action in retaliation for engaging in any statutorily protected activities.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.     Assuming *arguendo* Plaintiff did engage in any statutorily protected activities, he did not suffer an adverse employment action in retaliation for engaging in such protected activities.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.     Plaintiff's Complaint and each alleged cause of action against Defendant is barred in whole or in part by the doctrine of after-acquired evidence or, alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

**THIRTIETH AFFIRMATIVE DEFENSE**

30.     Defendant is entitled to offset for any monies received by Plaintiff from any source in compensation for any alleged economic damages and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under *Witt v. Jackson* (1961) 57 Cal.2d 57, and its progeny.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorney's fees and costs pursuant to Code of Civil Procedure section 128.7 and/or California Labor Code section 218.5 upon judgment thereon in Defendant's favor.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.     Any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant are barred by the doctrine of managerial immunity.

/ / /

/ / /

6

DEFENDANT GEODIS WILSON USA, INC.'S ANSWER TO PLAINTIFF MARK BOULLET'S COMPLAINT FOR DAMAGES

1                **THIRTY-THIRD AFFIRMATIVE DEFENSE**

2        33.     Plaintiff is barred from recovering any damages, or any recovery must be reduced, by

3  virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

4              **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

5        34.     Although Defendant denies it has committed or has responsibility for any act that could

6  support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found,

7  recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the

8  United States Constitution and the California Constitution.

9               **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

10       35.     Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has

11  failed to assert sufficient allegations of malice, oppression or fraud nor complied with the requirements

12  of California Civil Code section 3294.

13

14      Because the Complaint is couched in conclusory terms and Defendant does not presently know

15  all facts sufficient to state all affirmative defenses at this time, Defendant cannot fully anticipate all

16  defenses that may be applicable to this action.  Accordingly, the right to assert additional defenses, if

17  and to the extent that such defenses are applicable, is hereby reserved.

18

19      **WHEREFORE**, Defendant prays for judgment as follows:

20        1.     That Plaintiff take nothing by reason of the Complaint on file herein;

21        2.     That Plaintiff be denied each and every demand and prayer for relief contained in the

22  Complaint;

23        3.     That the Complaint be dismissed in its entirety with prejudice;

24        4.     That Defendant recover its reasonable attorney's fees incurred herein pursuant to

25  California Labor Code Section 218.5 or Government Code Section 12965 or other applicable provision;

26        5.     That Defendant recover its costs of suit herein; and

27  ///

28  ///

DEFENDANT GEODIS WILSON USA, INC.'S ANSWER TO PLAINTIFF MARK BOULLET'S
COMPLAINT FOR DAMAGES

1    6.    For such other and further relief as the Court may deem just and proper.

2

3  DATED: May 22, 2014                    JACKSON LEWIS P.C.

4

5

6                              By:    _____

7                                     Nicky Jatana
                                      Angela Quiles Nevarez
8
                                      Attorneys for Defendant
                                      GEODIS WILSON USA, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

DEFENDANT GEODIS WILSON USA, INC.'S ANSWER TO PLAINTIFF MARK BOULLET'S
COMPLAINT FOR DAMAGES

1  NICKY JATANA (SBN 197682)
   ANGELA QUILES NEVAREZ (SBN 253571)
2  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California  90017-5408
   (213) 689-0404 - Office
4  (213) 689-0430 – Fax
   JatanaN@jacksonlewis.com
5  Angela.Nevarez@jacksonlewis.com

6  Attorneys for Defendant
   GEODIS WILSON USA, INC.

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 22 2014

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GLORIETTA ROBINSON

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  MARK BOULLET,                           Case No.: BC541966

12            Plaintiff,                    [Assigned for all purposes to the Honorable
                                            Richard Rico, Dept. 17]
13       vs.

14  GEODIS WILSON USA, INC., a New York     **PROOF OF SERVICE RE:**
    corporation; KEN SMITH, an individual;  **DEFENDANT GEODIS WILSON USA,**
15  and DOES 1 through 250, inclusive,      **INC.'S ANSWER TO PLAINTIFF MARK**
                                            **BOULLET'S COMPLAINT FOR DAMAGES**
16
17            Defendants.                   Complaint Filed:  April 8, 2014
18
19
20
21
22
23
24
25
26
27
28

COPY

                                    1
PROOF OF SERVICE RE: DEFENDANT GEODIS WILSON USA, INC.'S ANSWER TO PLAINTIFF MARK
                   BOULLET'S COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

**CASE NAME:**    **MARK BOULLET v. GEODIS WILSON USA, INC., ET AL.**

**CASE NUMBER:**    **BC541966**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: **First Legal Attorney Service**, 1517 Beverly Boulevard, Los Angeles, CA  90026.

      On May 22, 2014 I served the foregoing document described as:

1. **DEFENDANT GEODIS WILSON USA, INC.'S ANSWER TO PLAINTIFF MARK BOULLET'S COMPLAINT FOR DAMAGES**

2. **PROOF OF SERVICE**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| **LAW OFFICES OF CARLIN & BUCHSBAUM, LLP**<br>Gary R. Carlin<br>Brent S. Buchsboum<br>Laurel N. Haag<br>Ana L. De La Torre<br>555 East Ocean Blvd., Suite 818<br>Long Beach, CA 90802<br>Telephone: (562) 432-833<br>Facsimile: (562) 435-1656<br><br>*Attorneys for Plaintiff*<br>MARK BOULLET | gary@carlinbuchsbaum.com<br>brent@carlinbuchsbaum.com<br>laurel@carlinbuchsbaum.com<br>ana@carlinbuchsbaum.com |

☒ **BY PERSONAL SERVICE:**  I hand delivered such envelope(s):

    ☐  to the addressee(s);

    ☐  to the receptionist/clerk/secretary in the office(s) of the addressee(s).

    ☐  by leaving the envelope in a conspicuous place at the office of the addressee(s) between the hours of 9:00 a.m. and 5:00 p.m.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on _____5/22_____, 2014 at Los Angeles, California.

_____   _____
Printed Name                                    Signature

4825-1164-4955, v. 1

2

PROOF OF SERVICE RE: DEFENDANT GEODIS WILSON USA, INC.'S ANSWER TO PLAINTIFF MARK BOULLET'S COMPLAINT FOR DAMAGES

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Mark Boullet

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Geodis Wilson USA, Inc.

**(b)** County of Residence of First Listed Plaintiff __Los Angeles__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Middlesex (NJ)__
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
Gary R. Carlin, Brent S. Buchsboum, Laurel N. Haag and
Ana De La Torre   (Tel: 562-432-8933/ Fax: 562-435-1656)
555 East Ocean Blvd., Suite 818, Long Beach, CA 90802

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
JACKSON LEWIS P.C.
Nicky Jatana and Angela Quiles Nevarez
725 S. Figueroa St., Suite 2500
Los Angeles, CA 90017  (Tel: 213-689-0404 / Fax: 213-689-0430)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding   ☒ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC §§ 1332; 1441(a) and (b); and 1446 (Diversity)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: CV14-03990

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes  ☐ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☒ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | **A PLAINTIFF?**<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?    [X] NO    [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?    [X] NO    [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____    DATE: 5/23/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |